# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Staiger, Gayle and Staiger, John

## DEFENDANTS
Weis Markets, Inc., Individually and d/b/a Weis Markets

**(b)** County of Residence of First Listed Plaintiff: **Butler County, Ohio**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Northumberland**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Snoke Dubbs and Buhite Law, Inc.
204 St. Charles Way, Suite F
York, PA 17402

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 US Code 1332

Brief description of cause:
Fall down case at Weis Markets

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: August 9, 2021

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAYLE STAIGER and JOHN STAIGER, <br>    PLAINTIFFS <br> v. <br><br> WEIS MARKETS, INC. <br> Individually and d/b/a <br> WEIS MARKETS, <br>    DEFENDANT. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. <br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff, Gayle Staiger, is an adult individual currently residing at 6410 Wilderness Trail, West Chester, Ohio.

2. Defendant, Weis Markets, Inc., is a Pennsylvania Corporation with headquarters located at 1000 S. 2nd Street, Sunbury, Pennsylvania.

3. At all times relevant hereto, Defendant Weis Markets Inc.., owned and operated a convenience store (hereinafter Store), located at 2600 Willow Street Pike, Willow Street, Pennsylvania 17584.

4. At all relevant times, Defendant Weis Markets, Inc., acted through its agents, workers and/or employees, all of whom were working in the course and scope of their agency relationship with Defendant Weis Markets, Inc. This Court has jurisdiction pursuant to 28 U.S. Code 1332.

5. At all relevant times, Defendant Weis Markets, Inc., had a duty to maintain the Store in a safe condition for all persons entering upon the premises.

6. At all relevant times, Defendant Weis Markets, Inc, had a duty to warn of dangerous conditions on the Store premises.

7. At all relevant times, Defendant Weis Markets, Inc., had a duty to correct dangerous conditions on the Store premises.

8. At all relevant times, Defendant Weis Markets, Inc., knew or should have known of the dangerous conditions of the Store premises.

9. On or about the morning of August 9, 2019, Plaintiff, Gayle Staiger, was a business invitee at the Weis Markets. located at 2600 Willow Street Pike, Willow Street, Lancaster County, Pennsylvania 17584.

10. As Ms. Staiger was in the water aisle heading toward the checkout area she fell.

11. As she had no medical condition, Ms. Staiger believes and avers that there must have been a substance in the aisle which caused her fall.

12. Another patron located Ms. Staiger on the floor bleeding from her head and disoriented.

13. The store manager was notified.

14. Emergency Medical Services arrived on scene and transported Ms. Staiger to Lancaster General Hospital.

15. At all relevant times Defendant had a duty to maintain safe aisle ways.

16. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered:

    (a) left frontal scalp laceration;

    (b) subarachnoid hemorrhage of left sylvan fissure;

    (c) left shoulder pain and injury, all of which may be permanent in nature, all of which have caused her great pain and suffering, to her loss and detriment.

17. As a further result of the negligence and carelessness of Defendant, Plaintiff suffered and continues to suffer physical, mental, and emotional pain, discomfort, frustration, loss of life's pleasures, and the ability to attend to her usual and daily activities and will continue to suffer same for an indefinite time into the future, all to her great loss and detriment.

18. As a further result of the negligence and carelessness of Defendant, Plaintiff has been obligated to seek medical treatment for her injuries, including but not limited to medication, physical therapy and potentially surgery.

19. As a further result of the negligence and carelessness of Defendant, Plaintiff has incurred medical expenses in the past, and will continue to incur medical expenses in the future.

20. As a further result of the negligence and carelessness of Defendant, Plaintiff has been caused to incur other expenses.

21. As a further result of the negligence and carelessness of Defendant, Plaintiff has suffered scarring and disfigurement.

22. Plaintiff's injuries and damages were in no part due to any act or failure to act on the part of Plaintiff.

## COUNT I

## PLAINTIFF, GAYLE STAIGER v. WEIS MARKETS, INC.

23. Plaintiff incorporates herein by reference each and every averment contained in Paragraphs 1 through 22 as though the same were set forth fully herein at length.

24. The negligence and carelessness of Defendant consisted of the following:

    a. Failing to adequately notify customers of potential hazards in the water aisle;

    b. Failing to timely and adequately inspect the premises for dangerous conditions;

    c. Failing to have and/or enforce adequate policies, procedures and guidelines regarding inspection of the premises;

    d. Failing to have and/or enforce adequate policies, procedures and guidelines regarding timely discovery of dangerous conditions;

    e. Failing to have and/or enforce adequate policies, procedures and guidelines regarding supervision of employees;

f. Failing to have and/or enforce adequate policies, procedures and guidelines to warn patrons of dangerous conditions;

g. Failing to properly manage and train its employees regarding inspection of its premises, preventing dangerous conditions, and fixing dangerous conditions; and

h. Failing to employ competent employees.

25. As a direct result of the negligence of Defendant, as set forth above, Plaintiff suffered the serious and painful injuries referenced above.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages in an amount in excess of $75,000.00 plus interest and costs of suit.

**Count II**
**LOSS OF CONSORTIUM - PLAINTIFF, JOHN STAIGER v. WEIS MARKETS, INC**

26. Paragraphs one (1) through twenty-five (25) of Plaintiffs' Complaint are incorporated herein by reference thereto.

27. By reason of the injuries to Plaintiff Gayle Staiger as set forth within this Complaint resulting from Defendant Weis Markets, Inc., negligence as set forth herein, Plaintiff John Staiger was deprived of and in the future may be deprived of the aide, society, care, comfort and companionship of his wife to which he was entitled and would have received, but for the negligence of Defendant Weis Markets, Inc. for all of which damages are claimed.

WHEREFORE, Plaintiff John Staiger demands judgment against Defendant Albright in an amount in excess of seventy-five thousand dollars ($75,000.00), together with interest and costs thereon as allowed by law.

Respectfully submitted,

SNOKE DUBBS & BUHITE LAW, INC.

Date: 8/9/2021         By: _____
                           Amanda Snoke Dubbs, Esq.
                           PA Supreme Court ID: 202254
                           Sarah E. Buhite
                           PA Supreme Court ID: 201415
                           Attorney for Plaintiffs
                           204 St. Charles Way, Suite F
                           York, PA 17402
                           Telephone: (717)430-6730
                           amanda@sdblawgroup.com
                           sarah@sdblawgroup.com

## VERIFICATION

I, Gayle Staiger, declare as follows:

1. I have personal knowledge of the facts set forth in the foregoing complaint, and if called upon to testify I would competently testify as to the matters stated herein.

2. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint are true and correct.

Executed on August 7, 2021

_Gayle Staiger_
Gayle Staiger

## VERIFICATION

I, John Staiger, declare as follows:

1. I have personal knowledge of the facts set forth in the foregoing complaint, and if called upon to testify I would competently testify as to the matters stated herein.

2. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint are true and correct.

Executed on August ___, 2021

_____
John Staiger